

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MELVIN W. MITCHELL, | Case Nos 1:08 CV 647 |
| | 1:05 CR 445 |
| Petitioner, | Judge Dan Aaron Polster |
| vs. | **MEMORANDUM OF OPINION** |
| | **AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I.

On March 28, 2007, the Court sentenced Mitchell to a sentence of 37 months custody of the Attorney General, following his guilty plea to a 15-count mail fraud indictment. The Court granted a substantial downward departure from the advisory Guideline range for Offense level 21, Criminal History Category I (51-63 months) because of Mitchell's age and physical condition. Mitchell did not appeal his conviction or sentence.

On March 1, 2008, Mitchell filed a pro se motion pursuant to 28 U.S.C. Section 2255, seeking to vacate his guilty plea and sentence, and to set the case for trial. Mitchell alleges that he received ineffective assistance of counsel, in that his attorney failed adequately to explain to him the elements of the offense of mail fraud, specifically, the element of intent to defraud. Mitchell also claims he did not intend to defraud any of his foreclosure clients or investors, and that he pleaded guilty because his attorney told him that a guilty plea would assure him of a sentence "of around six months to probation."

## II.

Under 28 U.S.C. § 2255, a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." *Id.* To prevail on a § 2255 claim, the petitioner must show a fundamental defect in the proceedings "which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Nagi v. United States*, 90 F.3d 130, 133-34 (6th Cir. 1996) (quoting *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994)).

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom it is assigned to promptly make a preliminary examination of the petition, records and transcripts relating to the judgment under attack. Rule 4(b) provides in pertinent part as follows:

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

*Id.* The Court has promptly examined the § 2255 Motion, the record in the underlying criminal case, and the case law and finds that it plainly appears that Mitchell is not entitled to relief in the district court for the following reasons.

## III.

Mitchell's allegations of ineffective assistance of counsel are completely belied by the record, which conclusively establishes both Mitchell's admission of fraudulent conduct and his awareness that he was facing a substantial prison sentence. At the December 11, 2006 change of plea hearing, the Court carefully discussed with the Mitchell the advisory Guidelines, and the advisory Guideline range he was facing (51-63 months) for his extensive fraud that victimized

2

more than 70 victims of a total of in excess of $350,000. *Change of Plea Hr'g Tr.*, at 7-9. There was no plea agreement. The indictment set forth Mitchell's fraud, and the Assistant U.S. Attorney presented a detailed factual basis, covering Mitchell's numerous false and fraudulent statements and acts. *Id.* at 13-18. Mitchell unambiguously acknowledged that he understood the Assistant U.S. Attorney's factual recitation, and that he committed this fraudulent conduct. *Id.* at 18-19.

Following the change of plea hearing, the Probation Officer prepared a detailed Presentence Investigation Report, to which Mitchell did not object. Paragraph 50 recites as follows:

> On January 9, 2007, the defendant and his attorney, Debra M. Hughes, submitted the following typed and signed statement regarding the defendant's actions in the instant case: "I admit to taking money from people whose homes were in foreclosure, and from investors. Initially, I believed my plan would be a good way for people to keep their homes and for the investors to make money. Instead, I used their money and them.
>
> I guess I looked at old age and dying and believed I wanted to leave something to my family–something more than what I had, which was nothing. Instead, I broke my daughters' hearts. I am truly sorry for these crimes, and I pray that my victims will someday forgive me."

During a colloquy with the Court at the March 28, 2007 sentencing hearing, Mitchell again acknowledged his fraudulent conduct:

> MITCHELL: I didn't plan on committing fraud in the beginning, but unfortunately it turned out that way. I'm just very sorry, your Honor.
>
> THE COURT: So you're saying that you didn't start out to commit fraud, but somewhere along the way you went into fraud.
>
> MITCHELL: Yes, sir.
>
> THE COURT: And you kept going.
>
> MITCHELL: Yes, sir.
>
> THE COURT: And you didn't tell anyone what you were doing, what you were taking the money to do, is that right?
>
> MITCHELL: Yes, sir.

(*Sentencing Hr'g. Tr.*, at 8.)

IV.

The Court's prompt review of the § 2255 Motion, the record in the underlying criminal case and the law plainly dictate that Mitchell is entitled to no relief in the district court. Accordingly, Petitioner Melvin W. Mitchell's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **(ECF No. 1)** is hereby **DENIED** and the case is summarily dismissed under Rule 4(b).

**IT IS SO ORDERED.**

_____
Dan Aaron Polster
United States District Judge